UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE DAVIS GROUP, INC.,

      Plaintiff,

v.                                 Case No:  6:14-cv-251-Orl-TBS

ACE ELECTRIC, INC. and THE
HARTFORD CASUALTY INSURANCE
COMPANY,

      Defendants.

_____

**ORDER**

      This case comes before the Court without oral argument on Defendant Hartford Casualty Insurance Company's Motion for Summary Judgment (Doc. 70).   The motion is due to be denied.

      To obtain summary judgment the movant must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.   FED. R. CIV. P. 56.   An issue of fact is "genuine" if on the evidence presented, a reasonable jury could find the fact in favor of the nonmoving party.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Avenue CLO Fund, Ltd. V. Bank of America, N.A., 723 F.3d 1287, 1294 (11th Cir. 2013).   A fact is "material" if it "might affect the outcome of the suit under the governing law."   Id.

      The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists.   Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Watson v. Adecco Employment Servs., Inc., 252 F.Supp.2d 1347, 1351-52 (M.D.Fla. 2003).   The movant

may meet this burden in one of two ways: either by directly negating an essential element of the opponent's claim, or by showing that there is insufficient evidence in the record for the opponent to satisfy its burden of proof at trial.   <u>Clark</u>, 929 F.2d at 608.   When the moving party demonstrates an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."   <u>Celotex Corp.</u>, 477 U.S. at 324-35 (internal quotations and citations omitted); <u>Clark</u>, 929 F.2d at 608.

On a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor.   <u>Avenue CLO Fund</u>, 723 F.3d at 1294 (citing <u>Blackston v. Shook & Fletcher Insulation Co.</u>, 764 F.2d 1480, 1482 (11th Cir. 1985)).   The court "must avoid weighing conflicting evidence or making credibility determinations," <u>Stewart v. Booker T. Washington Ins.</u>, 232 F.3d 844, 848 (11th Cir. 2000), as it is the province of the jury and not the judge to assess the probative value of the evidence.   <u>Kennett-Murray Corp. v. Bone</u>, 622 F.3d 887, 893 (5th Cir. 1980).   But, the court need not draw inferences based solely on speculation and conjecture.   <u>Avenue CLO Fund</u>, 723 F.3d at 1294.

The United States Army Corps of Engineers, as owner, contracted with Plaintiff The Davis Group, as general contractor, for the construction of a new radar approach control facility at the Seymour Johnson Air Force Base in North Carolina (the "Project") (Doc. 70 at 3; Doc. 72 at 3).   Davis Group entered into a subcontract ("Subcontract") with Defendant Ace Electric, Inc. ("Ace") for the performance of electrical work on the Project (Doc. 1-2).   In the Subcontract, Ace agreed to provide payment and performance bonds

for the benefit of Davis Group (Id., ¶ 13.d).   Defendant Hartford Casualty Insurance

Company ("Hartford") is the surety on the performance bond ("Bond") furnished by Ace

that is the subject of the motion for summary judgment (Doc. 70 at 3).   The Bond

expressly incorporates the Subcontract (Doc. 29 at 28-30).

   Construction fell behind schedule and on April 30, 2013, Davis Group sent a letter

to Ace and other subcontractors stating that their incomplete work had contributed to the

late finish of the Project (Doc. 1-3).   The letter informed Ace and the other subcontractors

that Davis Group intended to assess a portion of the resulting liquidated damage cost to

each of them (Id.).   Ace had agreed in the Subcontract to reimburse Davis Group for the

entire cost of Davis Group's field overhead, and all liquidated damages that the Corp of

Engineers assessed against Davis Group, resulting from delays caused by Ace (Doc. 1-2,

¶ 10.b).

   On May 31, 2013, Davis Group sent Ace a letter alleging that its work continued to

be behind schedule and was contributing to the late completion of the Project (Doc. 1-4).

Davis Group complained that Ace had not sufficiently staffed the work and said it

intended to supplement Ace's work crews (Id.).   Davis Group copied Hartford on the

letter, which did not declare Ace in default or make a claim on the Bond (Doc. 71 at 7).

   The Project was substantially completed on November 7, 2013 (Doc. 72, ¶ 26).

On a date not disclosed in the parties' motion papers, the Corp of Engineers assessed

$182,818.36 in liquidated damages against Davis Group based upon 262 days of delay

(Doc. 1-5 at 1).   Davis Group analyzed the Project on a month-to-month basis, and

identified the tasks that controlled the critical construction path for each month of delay

and how many days of delay were attributable to each of those tasks (Doc. 72-1, ¶ 24).

Based upon this analysis, Davis Group decided that Ace was responsible for 82 days of

delay (Id., ¶ 25).   On February 6, 2014, Davis Group sent Ace a letter demanding payment of $57,217.96 in liquidated damages plus an additional $52,042.12 for Davis Group's field overhead (Doc. 1-5 at 1).   Davis Group also claimed attorney's fees in an amount to be determined (Id.).   In the Subcontract, Ace promised to cure any defaults within 72 hours of its receipt of written notice from Davis Group (Doc. 1-1, ¶ 11.b).   Ace did not respond to the demand letter and on February 12, 2014, Davis Group sent a letter to Ace formally declaring a default (Doc. 1-6).   Hartford was copied on this letter (Id.).

Hartford argues that it is entitled to summary judgment because Davis Group's declaration that Ace was in default was untimely, thereby stripping Hartford of its bargained-for rights and discharging Hartford from its obligations as the surety on the Bond (Doc. 70 at 2).   Davis Group denies the existence of any notice requirement in the Bond, and says in any event, that the notice of default it gave Hartford was timely because it was within the one year warranty period for Ace's work (Doc. 72 at 6-7).

Because Hartford's motion is based upon the timeliness of Davis Group's notice of default, the date upon which the alleged default by Ace occurred is a material fact.[1] Hartford does not identify this date in its motion.   Construing Davis Group's February 12, 2014 letter in the light most favorable to it, the default occurred when, after 72 hours, Ace had failed to satisfy the demand for payment contained in Davis Group's February 6, 2014 letter.[2]   Hartford has not attempted to rebut this contention.   If Davis Group is correct, then it gave Hartford notice of Ace's default at most three days after the default occurred.   Hartford does not explain why this amount of notice is objectionable.   It

_____

[1] Whether there is a notice requirement in the Bond is a question not decided in this Order.
[2] At deposition, the president of Davis Group testified that he was not sure what default the February 6, 2014 letter refers to (Doc. 71 at 8).   But, this case is before the Court on a motion for summary judgment, where all reasonable inferences are drawn in favor of the nonmoving party.

suggests that any notice of default provided by Davis Group after substantial completion of the Project would be untimely but that is clearly an unsettled question if for no other reason than because Ace warrantied its work for one year after the Project was accepted by the Corp of Engineers (Doc. 1-2, ¶ 14.b).   Hartford has not provided any reason why the Bond would not remain in force during the warranty period.

Now, the Court finds that how Ace allegedly defaulted and the date upon which the alleged default occurred are genuine issues of material fact that preclude the entry of summary judgment.   Accordingly, Hartford's motion for summary judgment is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 15, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record